LILLY vs. BOYD.

| 72 | 83 |
| 96 | 798 |

1. When a person who wishes to purchase land retains an attorney to examine the titles, and such attorney reports to his client that the title of the person from whom he wishes to purchase is good, and it would be safe to purchase, and this report of the attorney is false, he is guilty of a breach of duty, and a right of action immediately accrues to the client. If no special damage or injury has resulted to the client, then he may nevertheless recover nominal damages; if special damage result from the misconduct of the attorney, it is not of itself a cause of action; the breach of duty imposed by the contract is the cause of action, and not the conse·quential damage resulting from it. And the statute of limitations begins to run from the date of the breach of duty. ·

(a.) Such advice having been given on March 25, 1866, and suit having been commenced on September 26, 1881, it was barred by the statute of limitations.

September 11, 1883.

Attorney and Client. Actions. Statute of Limitations. Damages. Before Judge Estes. Lumpkin Superior Court. April Term, 1883.

Reported in the decision.

W. F. Findley; G. N. Lester, for plaintiff in error.

J. M. Bishop; H. Thompson; C. D. Phillips; M. L. Smith, for defendant.

Blandford, Justice.

C. A. Lilly brought his action on the case against Wier· Boyd, in which he alleged that on the 25th March, 1866, he paid defendant for his opinion as an attorney at law; that defendant had previously thereto been employed

as such attorney to investigate the titles to certain lots of land, and upon the advice and opinion of said attorney that plaintiff purchased said lands; that on the 12th day of April, 1880, he and his assigns were duly evicted from four-fifths of the lands mentioned. The declaration was demurred to, on the ground that the plaintiff's cause of action was barred by the statute of limitations, as appeared by the declaration. The court sustained the demurrer, and dismissed plaintiff's case, and the plaintiff excepted, and error thereon is assigned.

The gist of this action is the misconduct of the defendant. When a person who wishes to purchase lands, retains an attorney to examine the titles, and such attorney reports to his client that the titles of the person from whom he wishes to purchase are good, and it would be safe to make the purchase, and the attorney makes a false report to his client, he is guilty of a breach of duty, and a right of action immediately accrues to the client; if no special damage or injury has resulted to the client, then he may, nevertheless, recover nominal damages; if special damage result from the misconduct of the attorney, it is not of itself a cause of action, but the breach of duty imposed by the contract is the cause of action, and not the consequential damage resulting from it. The breach of promise or of duty took place as soon as the defendant reported that he had examined the titles to the lands, and that the same were good and sufficient. And the plaintiff's declaration avers that this breach of duty occurred on the 25th March, 1866, and this action was not commenced until the 26th September, 1881; it follows, therefore, that the statute of limitations is a bar to this action. See Howell vs. Young, 5 Barnwell & Cresswell, 263, in which this question is ably discussed by Bayley and Holroyd, Justices In Rhines vs. Evans, 66 Pa., 195, it is held that the statute of limitations begins to run in favor of an attorney from the time he collects or receives money for his client, although the client may not

know it, but find it out afterwards. And upon the point under consideration the cases of Short *vs.* MacCarthy, 3 Barn. & Ald., 626; Brown *vs.* Howard, 4 Moore, 508, may be relied on. See also Weekes on Attorneys at Law, p. 529, §320. This court held in the case of *Crawford vs. Gaulden,* 33 *Ga.,* 174, that the statute of limitations commences to run from the time the negligent act was committed by the attorney. And this principle is fully sustained by the authorities referred to above. There was no error in sustaining the demurrer to plaintiff's declaration, and the judgment of the court below is accordingly affirmed.

Judgment affirmed.