## GOULD v. PALMER & READ.

ATKINSON, J.—It is not the special damage or injury resulting from the unskillfulness of an attorney at law in the representation of his client's interests, but the breach of the duty imposed by the contract of employment, which gives a right of action for damages sustained. The statute of limitations in such a case runs, therefore, from the date of the breach of duty, and not from the time when the extent of the resulting injury is ascertained. The action in the present case not having been brought within four years from the date of the breach of duty, and nothing being alleged which in the meantime suspended its operation, the court properly dismissed the plaintiff's declaration. *Crawford* v. *Gaulden*, 33 *Ga.* 173; *Lilly* v. *Boyd*, 72 *Ga.* 83; Weeks on Attorneys at Law, section 320; Wood on Limitations, vol. 1, section 122. *Judgment affirmed.* July 8, 1895.

Action for damages. Before Judge VAN EPPS. City court of Atlanta. November term, 1894.

It appears from the declaration, that the defendants had been the plaintiff's attorneys in various matters. On June 5, 1890, a suit for damages was brought against him, and on the next day an article appeared in a newspaper, giving some prominence to said suit; whereupon

he called on defendants as his attorneys and asked their advice as to whether, in the proper conduct of the defense, a reply should be written to the newspaper article, to prevent the public from becoming prejudiced against his side of the case. He relied implicitly and absolutely on them, not being himself a lawyer nor experienced in law. They advised him that it was necessary to write a card, and that they would write a proper one and sign his name to it. He warned them not to write anything that would get him into further trouble, stated that he relied on them to keep him clear of the law of libel, and placed the whole matter in their hands as attorneys, relying on their exercising reasonable skill, care and diligence. They prepared and had published in the same newspaper, on June 7, 1890, a card signed with his name (setting it forth); which publication was a gross want of skill and care, and was grossly libelous. The result was, that the plaintiff in said damage suit, and others referred to in said card, brought actions against him based on said publication. One of these resulted, April 20, 1894, in a verdict against him of $1,500 and cost, which under defendants' advice he paid, and under their advice he was compelled to settle another of the cases by paying $500. He claims that all these losses were the proximate, necessary and direct result of defendants' want of skill and care in writing said card, and were incurred and sustained under their advice; and alleges that this suit against them (filed August 14, 1894) was not sooner brought because: (1) They, occupying a confidential relation towards him and being his trusted advisers on whom he implicitly relied, advised him to litigate said cases, that there was no libel and could be no recovery; and not until the verdict against him did he know there was any liability or that the card was libelous. (2) Said suits were for unliquidated damages, and not until the verdict was liability or amount definitely

fixed, the matter resting with the enlightened conscience of the jury, nor until the verdict was defendants' tort completed, nor could his damages be fixed with sufficient definiteness to sue them.

The action was dismissed on demurrer, as barred by the statute of limitations.

Arnold & Arnold, for plaintiff. Glenn, Slaton & Phillips and Palmer & Read, for defendants.