ROBERT C. ALSTON, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9446.     Decided September 28, 1926.

> An individual who is bound to exercise reasonable care, skill, and diligence pertaining to the business of his clients, and who may be liable to damages if he fails to do so, is not entitled to deduct from gross income an amount set up on his books of account as a reserve to provide for such contingent liability.

*Robert C. Alston, Esq.*, pro se.
*Henry Ravenel, Esq.*, for the respondent.

Proceeding for the redetermination of a deficiency in income tax for the year 1921 in the amount of $3,440.29.

### FINDINGS OF FACT.

The petitioner was a member of the law firm of Robert C. Alston and Philip H. Alston, practicing law in Atlanta, Ga. A part of the business of the firm was the examination and certification of titles to real estate. During the course of the year 1921, titles to real estate of the value of $1,000,000 at least, possibly running to several million dollars, were examined. The partnership was dissolved on October 1, 1921. In the determination of the profits of the partnership for the period January 1 to October 1, 1921, the partnership deducted from its gross income of $56,859, $10,000 as a reserve to provide against a contingent liability upon any suit which might be brought against the members as a result of not using due care, skill, and diligence in the searching of titles. Although five years have elapsed since the firm was dissolved, no claims have been asserted for any negligence or bad faith in connection with its certificates of title upon work done by the partnership during the year 1921.

In his income-tax return for 1921, the petitioner reported his pro rata share of the net profits of the partnership of which he was a member after said partnership had deducted from gross income the reserve of $10,000 above referred to.

### OPINION.

SMITH: It is the contention of this petitioner that the partnership of which he was a member during the year 1921 did not realize the full amount of income received by it during that year by reason of the fact that the members of the partnership were subject to a contingent liability in respect to certificates of title issued by it. The existence of such a liability, it is alleged, is made clear by the cases

of *Cox* v. *Sullivan*, 7 Ga. 144–148; and *O'Barr* v. *Alexander & Trammell*, 37 Ga. 195. In *Lilly* v. *Boyd*, 72 Ga. 83, the Supreme Court of Georgia said of this liability:

> When a person who wishes to purchase land retains an attorney to examine the titles, and such attorney reports to his client that the title of the person from whom he wishes to purchase is good, and it would be safe to purchase, and this report of the attorney is false, he is guilty of a breach of duty, and a right of action immediatedly accrues to the client. If no special damage or injury has resulted to the client, then he may nevertheless recover nominal damages; if special damage result from the misconduct of the attorney, it is not of itself a cause of action; the breach of duty imposed by the contract is the cause of action, and not the consequential damage resulting from it. And the statute of limitations begins to run the date of the breach of duty.

The partnership estimated that it might be liable to as much as $10,000 damages in respect of the titles to which it had certified and therefore claimed that amount as a deduction from gross income for the year 1921.

The liability of this petitioner for income tax is governed by section 218 of the Revenue Act of 1921, which provides substantially that a partner must return as income the distributive share of the profits of any partnership of which he was a member, whether distributed or not, and that a partnership like an individual is entitled to deduct from gross income in computing net income only those specific deductions permitted by the Revenue Act in question. These specific deductions do not comprehend any such item as a reserve against a contingent liability. This Board has had occasion to pass upon this question in numerous decisions. In *Appeal of Pan-American Hide Co.*, 1 B. T. A. 1249, it said:

> Since the statute does not permit a taxpayer to deduct as an expense an amount which he fears he may some day be called upon to spend, there can be no sanction for such a deduction.

See also *Appeals of Thatcher Medicine Co.*, 3 B. T. A. 154; *M. C. Stockbridge*, 2 B. T. A. 327; *Ederheimer-Stein Co.*, 2 B. T. A. 711; *M. I. Stewart & Co.*, 2 B. T. A. 737; *Northwestern Bakers Supply Co.*, 2 B. T. A. 834; *Morrison-Ricker Mfg. Co.*, 2 B. T. A. 1008.

*Judgment for the Commissioner.*