48452. MASTER MORTGAGE CORPORATION v. BYERS.

HALL, Presiding Judge. Master Mortgage Corporation (hereinafter, "Master Mortgage") filed suit against Maurice Byers, its former attorney (hereinafter, "Attorney") in 20 counts, each for damages for breach of a claimed contract. Seventeen counts were based upon allegedly defective title examinations and opinions rendered by Attorney to Master Mortgage, concerning which it was later discovered that the borrower did not have title to the land, and three counts were founded on disbursement memoranda prepared by Attorney and utilized in loan closings and claimed by Master Mortgage to have been inaccurate. Other than the certificates of title and disbursement memoranda, there are no other relevant writings between the parties. Attorney, in defense of the suit, pleaded a four-year statute of limitation for each count, and showed that more than four years had elapsed between the dates of the certificates and memos and the filing of the suit, and moved for summary judgment on that ground. The trial court granted summary judgment to Attorney as to each count of Master Mortgage's complaint and Master Mortgage appeals.

The certificate of title in each of the 17 pertinent counts was signed by Attorney, under seal, and stated that for Master Mortgage he had examined title to the captioned real property the legal description of which was attached, and found good merchantable fee simple title to be in a stated holder subject to the liens, objections and exemptions set out on the certificate. Master Mortgage contends that in each of the 17 certificates sued on, the certificate failed in some manner to reveal the actual, then existing state or condition of the title, to Master Mortgage's loss, and that said failure constituted a breach of a written contract subject to a six-year statute of limitation. Attorney's position on appeal is that the documents in question are not contracts, but are merely Attorney's report of titles examined and funds disbursed pursuant to oral contracts of the Attorney's employment by Master Mortgage, and that the applicable statute of limitation is four years under Code § 3-706 for any breach by

the Attorney of this contract of employment.

With respect to the certificates of title, the law is clear on these facts that the applicable statute is the four-year statute relating to an oral contract of employment, and that the statute begins to run from the date of the attorney's alleged negligent or unskilful act, and not from the date of the client's discovery of the error. *Gould v. Palmer,* 96 Ga. 798 (22 SE 583). See also *Parker v. Vaughan,* 124 Ga. App. 300, 304 (183 SE 2d 605) (rule stated in dissenting opinion). This breach of the employment contract occurs when an incorrect report is given:

"When a person who wishes to purchase lands, retains an attorney to examine the titles, and such attorney reports to his client that the titles of the person from whom he wishes to purchase are good, and it would be safe to make the purchase, and the attorney makes a false report to his client, he is guilty of a breach of duty, and a right of action immediately accrues to the client; if no special damage or injury has resulted to the client, then he may, nevertheless, recover nominal damages; if special damage result from the misconduct of the attorney, it is not of itself a cause of action, but the breach of duty imposed by the contract is the cause of action and not the consequential damage resulting from it. *The breach of promise or of duty took place as soon as the defendant reported that he had examined the titles to the lands, and that the same were good and sufficient.* "(Emphasis supplied.) *Lilly v. Boyd,* 72 Ga. 83, 84.

Thus, concerning the 17 title certificates, the breach occurred when they were issued to Master Mortgage whether or not Master Mortgage knew then of the error. The four-year statute of limitation having run as to them prior to the filing of suit, the trial court correctly granted Attorney's summary judgment motion as to the first 17 counts of the complaint.

As to the three allegedly erroneous memoranda of disbursements, the same principle applies. To the extent to which their preparation was erroneous and the error constituted negligence or unskilfulness on the part of the attorney, "the Statute of Limitation commences to run from the time the negligent or unskilful act was committed, and plaintiff's ignorance of the negligence or unskilfulness can not affect the bar of the statute." *Crawford v. Gaulden,* 33 Ga. 173, 188. Thus, more than four years having elapsed between the use of erroneous disbursement memos and the filing of suit, the trial judge correctly held as to them that the statute of limitation was a complete defense.

Summary judgment for Attorney was not error.
*Judgment affirmed. Evans and Clark, JJ., concur.*
ARGUED SEPTEMBER 13, 1973 — DECIDED OCTOBER 26, 1973.

*E. Herman Warnock,* for appellant.
*Martin, Snow, Grant & Napier, George C. Grant,* for appellee.