## 54666. HOFFMAN et al. v. INSURANCE COMPANY OF NORTH AMERICA et al.

BELL, Chief Judge.

This is a suit to recover under an automobile policy issued by defendant INA to plaintiff Epps Air Service or in the alternative, if no coverage was found to exist, for recovery against defendant Thompson, an independent insurance agent of plaintiff, for negligent breach of its fiduciary duty to secure appropriate liability coverage for plaintiff Epps.

The trial court granted summary judgment to the

defendant agent but denied the insurer's motion. Plaintiffs appeal from the order granting summary judgment to the agent.

One of the defenses asserted by the agent was that plaintiffs' claim was barred by the statute of limitation. The material facts as to this issue are not in dispute. Plaintiff Epps requested the defendant to procure automobile coverage for it prior to March 1971. In September 1971, plaintiff Hoffman, an employee of Epps, was driving his own car on Epps' business and was involved in a collision with a third party. Hoffman's car was being used at the time as a temporary substitute for another vehicle belonging to Epps which had been withdrawn from service for repairs. A suit arising out of this collision was filed by the third party against both of the plaintiffs in this case. Defendant INA denied coverage under the automobile policy procured by the agent as the policy did not provide for or cover the use of a nonowned automobile. The agent admitted that it did not procure any coverage for plaintiff Epps for use of a nonowned automobile. The case by the third party against plaintiffs was tried in June 1975 and a judgment was obtained against these plaintiffs. The present suit was filed on October 6, 1975. *Held:*

Plaintiffs assert that they relied on the professional expertise of the agent in procuring the appropriate coverage, and the failure to do so constituted the breach of duty. In cases involving malpractice claims against attorneys, the rule has been established that the claim accrues and the statute commences to run from the date of the breach of the duty, and not from the time when the extent of the resulting injury is ascertained. *Gould v. Palmer & Read,* 96 Ga. 798 (22 SE 583). This rule should apply here. It is obvious that the claimed breach of duty occurred prior to September 1971 when the collision occurred. Plaintiffs did not file suit until more than 4 years later. This claim is barred. Plaintiffs argue that in *Hoffman v. Ins. Co. of N. A.,* 130 Ga. App. 777 (204 SE2d 520), in an allied suit between these same parties, we held that their claim against these defendants did not accrue until the entry of judgment against them in the third party tort suit. This decision clearly did not so hold. The

holding was that plaintiffs were not entitled to declaratory relief as against these same defendants. The grant of summary judgment was correct.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

ARGUED OCTOBER 3, 1977 — DECIDED DECEMBER 5, 1977 — REHEARING DENIED DECEMBER 20, 1977 —

*Phillips, Hart & Mozley, J. Arthur Mozley, Donald R. Andersen,* for appellants.

*Long, Weinberg, Ansley & Wheeler, Charles Goetz, Robert G. Tanner, Hunter S. Allen, Jr.,* for appellees.