36527. JANKOWSKI et al. v. TAYLOR, BISHOP & LEE et al.

CLARKE, Justice.

Defendant law firm and individual attorneys filed a shareholders derivative suit on October 26, 1972, on behalf of Joseph J.

Lahiff and others against Euley T. Morgan, the principal officer and director of L.E.P.A Investments, Inc. They prayed for judgment in the amount of $350,000 for acts of malfeasance-misfeasance and fraud. The applicable statute of limitation on that claim expired April 13, 1975.

On January 28, 1974, the case was called for trial. When counsel for plaintiffs failed to announce ready, the trial court dismissed the action with prejudice for want of prosecution. Counsel for plaintiffs, defendants here, were not present at the calendar call, having requested another attorney to answer the call. After belatedly learning that the case had been dismissed, counsel for plaintiffs refiled the suit on July 10, 1975, in the name of Joseph J. Lahiff, Walter J. Jankowski and others. Morgan answered and raised the statute of limitation found in Code Ann. § 22-714, and counterclaimed. Morgan's motion to dismiss was heard on September 4, 1975, and the court dismissed the complaint, specifically stating that the dismissal did not apply to the counterclaim.

On April 9, 1979, Walter Jankowski, individually and in his capacity as a shareholder and on behalf of L.E.P.A. Investments, Inc., brought the present action for legal malpractice against his former legal counsel, individually and as a professional corporation. Defendants answered and raised the statute of limitation. The trial court sustained defendants' motion to dismiss.

The Court of Appeals, holding that the applicable statute of limitation for an oral contract is four years, Code Ann. § 3-706, affirmed the trial court's dismissal of the malpractice action.

The basic issues to be examined are two. First, when does the statute of limitation begin to run; and, second, does the failure to correct a prior wrongful act constitute a separate breach for which the client has a cause of action?

(1) It has been long recognized and is well established that a statute of limitation begins to run on the date a cause of action on a claim accrues. In other words, the period within which a suit may be brought is measured from the date upon which the plaintiff could have successfully maintained the action. *Hoffman v. Insurance Co. of N. A.,* 241 Ga. 328 (245 SE2d 287) (1978); *Limoli v. First Georgia Bank,* 147 Ga. App. 755 (250 SE2d 155) (1978). By statute, Georgia recognizes the accrual of a right of action for a tort when there is a violation of a specific duty accompanied with damage. Code Ann. § 105-104. This statutory rule appears to be compatible with the general rule in most jurisdictions to the effect that both the wrongful act and the damage must exist in order for there to be a cause of action.

At first glance, it would appear that Georgia cases are in conflict with this proposition. In *Mobley v. Murray County,* 178 Ga. 388 (173 SE 680) (1933), this court held that the "true test to determine when the cause of action accrued is 'to ascertain the time when the plaintiff could first have maintained his action to a successful result.' . . . A right of action has its inception from the time there has been a breach of duty; and this would entitle the party to file suit for the breach, without regard to whether any actual damage had in fact resulted." In legal malpractice cases, this court has followed the doctrine that a right of action arises immediately upon the wrongful act having been committed, even though there are no special damages. *Crawford v. Gaulden,* 33 Ga. 173 (1862); *Lilly v. Boyd,* 72 Ga. 83 (1883); *Gould v. Palmer & Read,* 96 Ga. 798 (22 SE 583) (1895). A closer examination of these authorities alleviates much of the concern over the possible conflict with the general rule and statute. These cases hold that it is not the special damage or injury resulting from the wrongful act which gives rise to a cause of action, but they also hold that the fact that nominal damages may be recovered is sufficient to create a cause of action and therefore result in the statute of limitation's beginning to run. Even in the jurisdictions which clearly require the sustaining of damage as a triggering device for the statute of limitation, the suffering of damages to the fullest extent is seldom required. "The cause of action arises, however, before the client sustains all, or even the greater part, of the damages occasioned by his attorney's negligence. [Cits.] Any appreciable and actual harm flowing from the attorney's negligent conduct establishes a cause of action upon which the client may sue." Budd v. Nixen, 491 P2d 433, 436 (98 Cal. Rptr. 849) (1971).

There can be no question in the case at bar as to whether a negligent act is alleged in allowing the original lawsuit to be dismissed. Likewise, it cannot be argued that no damage resulted from this dismissal even though the statute of limitation in that lawsuit had not then expired. Before the dismissal occurred, the plaintiff had a lawsuit pending which was ripe for trial. After the dismissal, there was no lawsuit pending, court costs would be cast upon the plaintiff and obvious delays would be occasioned in having the cause of action adjudicated. These factors among others are damages. They are, in fact, more than nominal damages and can be described as being appreciable.

Taking these facts into account, we hold that a cause of action arose against the defendant law firm immediately upon the dismissal of the original lawsuit.

(2) The remaining question is whether the failure of the law firm to correct the act which caused the damage constitutes a

separate breach for which the client has a cause of action. The absence of action by defendant here to correct the breach and thereby avoid its consequences is analogous to the failure of a building contractor to correct a defect in construction. It has been held that a cause of action against a contractor accrues when the wrongful act occurred and not when the building which he improperly built collapsed. *Wellston Co. v. Sam N. Hodges & Co.,* 114 Ga. App. 424 (151 SE2d 481) (1966); *Caroline Realty Inv. Inc. v. Kuniansky,* 127 Ga. App. 478 (194 SE2d 291) (1972).

We have held in Division 1 that the client had a cause of action against the law firm on the day the original suit was dismissed. This was a complete cause of action. For a period of time, the law firm had an opportunity to reinstitute the action and thereby lessen the extent of the claim which the client could have made against the law firm. This omission on the part of defendants was a failure to avoid the ultimate effect of the earlier breach and a failure to mitigate their own damages. It was not an act inflicting new harm.

*Judgment affirmed. All the Justices concur, except Jordan, P.J., who concurs in the judgment only, and Nichols, Hill and Marshall, JJ., who dissent.*

ARGUED SEPTEMBER 10, 1980 — DECIDED NOVEMBER 25, 1980 — REHEARING DENIED DECEMBER 17, 1980.

*W. Jan Jankowski,* for appellants.
*Wallace E. Harrell, William P. Tinkler, Jr.,* for appellees.