38346. McLAIN v. JOHNSON.

ORDER OF COURT.

Upon consideration of the application for certiorari filed to review the judgment of the Court of Appeals in this case, it is ordered that the writ be hereby denied.

*All the Justices concur, except Hill, P. J., Marshall and Smith, JJ., who dissent.*

ORDERED JANUARY 28, 1982.

*Wayne M. Purdom,* for appellant.
*B. J. Smith,* for appellee.

HILL, Presiding Justice, dissenting.

One of the important duties of this court is to review conflicting decisions of the Court of Appeals on certiorari.

Construing Code § 3-1004, which provides that actions (for injuries to persons) shall be brought within two years after "the right of action accrues," the Court of Appeals has held that the cause of action does not accrue when the defendant breaches the duty owed the plaintiff; it does not accrue until the plaintiff discovers, or should have discovered, that he was injured, or later. See *King v. Seitzingers, Inc.*, 160 Ga. App. 318 (1981), cert. denied, and cases cited there.

Construing Code § 3-706, which provides that actions (for breach of certain contracts) shall be brought within four years after "the right of action shall have accrued," the Court of Appeals in the case before us held that the cause of action accrued on the date the defendant breached the duty owed the plaintiff, not from the time when the plaintiff discovered, or should have discovered, that she was injured.

It is obvious that two different Code sections are involved. What is not obvious, to me at least, is why we should have a different rule for each Code section as to when causes of action accrue. In my view, these decisions of the Court of Appeals are in conflict and I therefore respectfully dissent to the denial of certiorari in this case.

I am authorized to state that Justice Smith joins in this dissent.