65663. HAMILTON v. POWELL, GOLDSTEIN, FRAZER & MURPHY et al.

POPE, Judge.
On January 16, 1978 appellant William Jack Hamilton filed this action alleging malpractice against appellee law firm Powell, Goldstein, Frazer & Murphy and three individual members of the firm. The facts, as are pertinent to the issues raised on appeal, show that appellee law firm served for a number of years as retained corporate counsel for the Roy D. Warren Company. From time to time advice was given on a number of matters affecting company operations and particularly with respect to the company's commercial note program. It is the legal advice regarding the securities aspects of the company's commercial note program which is involved in this case. On February 12, 1975 the Roy D. Warren Company filed a petition in bankruptcy and it is conceded by all parties that the latest possible date of representation or legal duty by appellees would have been February 12, 1975.

During the latter part of June of 1977, appellant Hamilton, Chairman of the Board of Directors of the Roy D. Warren Company, was arrested for fraud and misrepresentation under the Georgia Securities Act of 1973. Appellant was indicted by the Fulton County Grand Jury but later found not guilty on all counts at trial. Subsequently, on January 16, 1978, appellant commenced this malpractice action against appellees seeking money damages for alleged injury to his reputation, for mental and physical strain, for humiliation, for decreased capacity to earn money, for attorney fees incurred in the defense of the criminal case and for other general damages. All of appellant's claims for damages were based upon

appellees' alleged negligence and breach of duty in failing to properly advise appellant. There were no allegations in appellant's complaint that there was any fraud or intentional wrongdoing on the part of appellees.

Prior to the commencement of the trial, counsel for appellees filed a Motion in Limine seeking to exclude evidence concerning appellant's alleged general damages because such claims had been barred by the applicable statutes of limitation. Appellees argued that since all claims for personal injury damages and damages to appellant's reputation were barred by the applicable statutes of limitation, appellant had only a claim based upon an implied or oral contract for which only special contract damages would be recoverable. The trial court reserved ruling on the motion and ruled that appellees would be deemed to have a continuing objection as to any testimony or evidence regarding general damages.

At the close of appellant's case at trial, counsel for appellees moved for directed verdict arguing that appellant's action for damage to his reputation was barred by the one-year statute of limitation and that his tort action seeking general damages was likewise barred by the two-year statute of limitation. The trial court reserved ruling on this motion. At the close of all the evidence, counsel for appellees renewed their motion for a directed verdict, and the trial court again reserved its ruling thereon and submitted the case to the jury on all theories of recovery. The parties stipulated that the evidence established special damages of $38,206, constituting the attorney fees paid by appellant in defense of his criminal charges and that any amount in excess of that sum would be considered general damages. The jury returned a verdict in favor of appellant for $1,000,000.

Prior to the entry of judgment, appellees orally renewed their prior motions for directed verdict as to the award of general damages. Thereupon, the trial court granted appellees' motions for directed verdict and entered judgment in favor of appellant for $38,206 plus costs. It is from the grant of appellees' post-verdict motion for directed verdict that appellant appeals.

Appellant raises essentially two arguments on appeal: (1) the statute of limitation did not run on his claim for general damages because said statute did not commence to run on such action until he had suffered actual, recoverable tort damages, and (2) general damages are recoverable in a tort action for legal malpractice for damage to reputation, mental and physical strain, humiliation and a decreased capacity to earn money.

1. It has long been the law in this state that a cause of action for legal malpractice, alleging negligence or unskillfulness, sounds in contract (agency) and, in the case of an oral agreement, is subject to

the four-year statute of limitation in OCGA § 9-3-25 (formerly Code Ann. § 3-706). *Jankowski v. Taylor, Bishop & Lee,* 246 Ga. 804 (273 SE2d 16), affg. 154 Ga. App. 752 (269 SE2d 871) (1980); *Gould v. Palmer & Read,* 96 Ga. 798 (22 SE 583) (1895); *Lilly v. Boyd,* 72 Ga. 83 (1883); *Crawford v. Gaulden,* 33 Ga. 173 (1862); *Akins v. Jones,* 164 Ga. App. 705 (297 SE2d 341) (1982); *Frates v. Sutherland, Asbill & Brennan,* 164 Ga. App. 243 (296 SE2d 788) (1982); *McClain v. Johnson,* 160 Ga. App. 548 (288 SE2d 9) (1981), cert. den., 248 Ga. 877 (289 SE2d 247) (1982); *Mullins v. Belcher,* 159 Ga. App. 520 (284 SE2d 35) (1981); *Riddle v. Driebe,* 153 Ga. App. 276 (265 SE2d 92) (1980); *Riser v. Livsey,* 138 Ga. App. 615 (227 SE2d 88) (1976); *Master Mtg. Corp. v. Byers,* 130 Ga. App. 97 (202 SE2d 566) (1973). See also *Buchanan v. Huson,* 39 Ga. App. 734 (148 SE 345) (1929). Can such a cause of action also sound in tort and, thus, be subject to the one-year and/or two-year limitation of OCGA § 9-3-33 (formerly Code Ann. § 3-1004)? While our research has disclosed no Georgia cases precisely on point, we believe this question can be answered in the affirmative.[1]

" 'A tort is a legal wrong committed upon the person or property of another independently of contract. Such a wrong may, however, arise from a violation of some private obligation, by which damages accrue to the individual; and if the breach complained of is not mere neglect of a duty expressly provided for by the terms of the contract itself, the complaining party may elect as to his remedy, and rely either upon his right under the contract or proceed for damages as for a tort.' " *Rawls Bros. Co. v. Paul,* 115 Ga. App. 731, 733 (155 SE2d 819) (1967). "The rule which affords an election to sue ex delicto or ex contractu in cases involving a breach of a duty implied by reason of a contractual relation has been applied to contractual relations between principal and agent, bailor and bailee, attorney and client, physician and patient, carrier and passenger or shipper, master and servant, and possibly other well recognized relations. [Cits.]" *Mauldin v. Sheffer,* 113 Ga. App. 874, 878-9 (150 SE2d 150) (1966).

"[I]n order to maintain an action ex delicto because of a breach of duty growing out of a contractual relation the breach must be shown to have been a breach of a duty imposed by law and not merely the breach of a duty imposed by the contract itself. [Cits.] This is

---

[1] Although not addressing the question directly, the following cases impliedly recognize a cause of action in tort for legal malpractice: *Hill Aircraft &c. Corp. v. Tyler,* 161 Ga. App. 267 (291 SE2d 6) (1982); *Hughes v. Malone,* 146 Ga. App. 341 (247 SE2d 107) (1978); *Walker v. Howard,* 144 Ga. App. 413 (241 SE2d 21) (1977), revd. on other grounds *Howard v. Walker,* 242 Ga. 406 (249 SE2d 45) (1978); *Berman v. Rubin,* 138 Ga. App. 849, 855 (227 SE2d 802) (1976) (on motion for rehearing). See also *Irvin v. Bentley,* 18 Ga. App. 662 (90 SE 359) (1916).

consistent with the definition of a tort set forth in [OCGA § 51-1-1 (formerly Code Ann. § 105-101)]. 'Duty imposed by law' as used in this context means, of course, either a duty imposed by a valid statutory enactment of the legislature or a duty imposed by a recognized common law principle declared in the reported decisions of the appellate courts of the State or jurisdiction involved. . . .

"The law imposes upon persons of professional standing performing medical, architectural, engineering, and those performing other and like skilled services, pursuant to their contracts made with their clients, an obligation to exercise a reasonable degree of care, skill and ability, such as is ordinarily exercised under similar conditions and like circumstances by persons employed in the same or similar professions. [Cits.] This is a duty apart from any express contractual obligation. Therefore, persons of this class performing services pursuant to their contracts with their clients have been held to be liable in tort for their negligence in failing to exercise the required degree of skill, and thus to be liable to a suit ex delicto [for the negligent performance of the contract]." *Mauldin v. Sheffer,* supra at 879-80; see also *Louisville & Nashville R. Co. v. Spinks,* 104 Ga. 692, 695-7 (30 SE 968) (1898). Applying the foregoing case law to the facts in the case at bar, we conclude that appellant did set forth a cause of action sounding in tort as well as in contract. Cf. *Hoffman v. Ins. Co. of N. A.,* 241 Ga. 328 (245 SE2d 287) (1978), revg. 144 Ga. App. 420 (241 SE2d 303) (1977); *Mattair v. St. Joseph's Hospital,* 141 Ga. App. 597 (234 SE2d 537), affd. *St. Joseph's Hospital v. Mattair,* 239 Ga. 674 (238 SE2d 366) (1977). Accordingly, appellant had one year within which to bring his action for damage to his reputation, two years to bring an action for tort, and four years to bring an action for breach of contract. OCGA §§ 9-3-25; 9-3-33 (Code Ann. §§ 3-706, 3-1004); see *Patterson v. Augusta & Savannah R. Co.,* 94 Ga. 140 (21 SE 283) (1894).

Having determined that appellant set forth a cause of action in tort, when did the statute of limitation begin to run thereon? Appellant relies on *Jankowski v. Taylor, Bishop & Lee,* 246 Ga. 804, supra, contending that the court must apply the tort standard set forth in OCGA § 51-1-8 (formerly Code Ann. § 105-104) which states in part that "[t]he violation of a private duty, *accompanied by damage,* shall give a right of action." (Emphasis supplied.) Older cases such as *Crawford v. Gaulden,* supra; *Lilly v. Boyd,* supra; *Gould v. Palmer & Read,* supra, all held that the cause of action of an individual for legal malpractice arises immediately upon the commission of the wrongful act. *Jankowski* recognizes the validity of these older cases and holds in this regard that since nominal damages arise upon the commission of the wrongful act, such nominal damages

are sufficient as a triggering device for the statute of limitation and thus the cause of action then arises. But see generally Annot., 2 ALR4th 284 (1980); Note, "Contorts: Patrolling the Borderland of Contract and Tort in Legal Malpractice Actions," 22 Boston College L. Rev. 545 (1981); Baxter, "Statutes of Limitations in Legal Malpractice," 18 Cleveland-Marshall L. Rev. 82 (1969); Note, "Client's Strategy for Damages Against the Malpracticing Attorney," 15 Hastings L. J. 590 (1964).

2. However, pretermitting the question of the statute of limitation and turning to the question of general damages, we find that many other jurisdictions have held that damages such as those sought here are not generally recoverable in a legal malpractice case. See Selsnick v. Horton, 96 Nev. 944 (620 P2d 1256) (1980); Quezada v. Hart, 67 Cal. App. 3d 754 (136 Cal. Rptr. 815) (1977); McClain v. Faraone, 369 A2d 1090 (Del. Supr. 1977); Garris v. Schwartz, 551 F2d 156 (7th Cir. 1977), applying Illinois law; see also Gay v. McCaughan, 272 F2d 160 (5th Cir. 1959), citing Florida law. We have reviewed applicable Georgia cases, including two which speak of damages recoverable in a legal malpractice action, *Durham v. Ware,* 153 Ga. App. 701 (266 SE2d 342), affd. *Ware v. Durham,* 246 Ga. 84 (1) (268 SE2d 668) (1980); *Hill v. Cloud,* 48 Ga. App. 506 (1, 2) (173 SE 190) (1934), and find that they shed little light on the issue here posed. We do, however, find a common thread running through the decisions in other jurisdictions: damages for injury to reputation, emotional distress, humiliation, mental and physical strain and the like are generally not recoverable in an action premised on mere negligence where no physical injury is suffered by the plaintiff, unless the elements of willfulness or wantonness have entered into the case.

The same common thread is found in the Georgia law applicable to recovery for emotional distress, although we have located no legal malpractice cases in which the question has arisen. The basis for the Georgia law applicable to actions for recovery for mental pain and suffering resulting from mere negligence is outlined in *Chapman v. Western Union Telegraph Co.,* 88 Ga. 763, 772 (15 SE 901) (1892): "The law protects the person and the purse. The person includes the reputation. *Johnson v. Bradstreet Co.,* 87 Ga. 79 [(13 SE 250) (1891)]. The body, reputation and property of the citizen are not to be invaded without responsibility in damages to the sufferer. But outside these protected spheres, the law does not yet attempt to guard the peace of mind, the feelings or the happiness of every one, by giving recovery of damages for mental anguish produced by mere negligence."

"So far as mental suffering originating in physical injury is concerned, it is rightly treated as undistinguishable from the physical

pain. On ultimate analysis, all consciousness of pain is a mental experience, and it is only by reference back to its source that one kind is distinguished as mental and another as physical. So in cases of physical injury, the mental suffering is taken into view. But according to good authorities, where it is distinct and separate from the physical injury, it cannot be considered. [Cits.]" *Chapman,* supra at 768. See *Westview Cemetery v. Blanchard,* 234 Ga. 540 (2B) (216 SE2d 776) (1975); *Sappington v. Atlanta & W. P. R. Co.,* 127 Ga. 178 (2) (56 SE 311) (1906); *Kuhr Bros. v. Spahos,* 89 Ga. App. 885 (4) (81 SE2d 491) (1954); *Hines v. Evans,* 25 Ga. App. 829 (1) (105 SE 59) (1920). Only in cases where mere negligence is not relied upon, but the wrong complained of is wanton, voluntary, or intentional, may damages for mental pain and suffering be recovered without a showing of actual physical injury. See *Tuggle v. Wilson,* 248 Ga. 335, 337 (282 SE2d 110) (1981).

Appellant alleges no physical injury. In regard to his claim for general damages for injury to his reputation, while such an injury is deemed an injury to the person ( *Chapman,* supra at 772; *Johnson v. Bradstreet Co.,* supra at 82), damages for this type of personal injury are recoverable only in actions alleging intentional or wanton misconduct, for example, libel and slander, malicious prosecution or malicious arrest. See 22 AmJur2d, Damages, § 156. Appellant presented his case solely on the basis of negligence, alleging no willful or wanton misconduct. Thus, viewing his claim for relief apart from the statute of limitation question, appellant is unable to recover general damages for damage to reputation, mental and physical strain, humiliation, or decreased earning capacity in this case due to the absence of allegations and proof of physical injury or wanton, voluntary or intentional misconduct.

In light of the foregoing discussion, the trial court properly granted appellees' motion for directed verdict as to general damages, limiting appellant's recovery to his actual damages as stipulated by the parties. Appellant has been vindicated so far as the law allows for appellees' proven negligence. While the rationale of *Chapman* and the decisions that followed is seemingly harsh, still "[t]here is no right, capable of enforcement by process of law, to possess or maintain without disturbance any particular condition of feeling . . . There are many moral obligations too delicate and subtle to be enforced in the rude way of giving money compensation for their violation . . . The civil law is a practical business system, dealing with what is tangible, and does not undertake to redress psychological injuries . . . [T]here is no public policy to be subserved by giving damages for mental suffering as a general rule, and the law does not allow it." *Chapman,* supra at 772-773, 775.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

Decided June 23, 1983 —
Rehearing denied July 12, 1983 — 

*Taylor W. Jones, C. Cyrus Malone III,* for appellant.
*Bruce H. Beerman, Allie Sue Edwards, Warren C. Fortson,* for appellees.