A90A0578. MARCOUX v. FIELDS.
(394 SE2d 361)

BIRDSONG, Judge.
Joanne Marcoux sued Northside Realty Associates, Inc., and its agent Eddie C. Fields for damages arising from Fields' alleged fraud, practicing law without a license, legal malpractice, real estate brokerage and salesperson malpractice, breach of contract, and breach of fiduciary duties.

The suit arose out of Marcoux' sale of a condominium in Gwin-

nett County, with Fields and Northside Realty as her real estate agents. Fields allegedly prevailed upon Ms. Marcoux to believe she did not need an attorney and persuaded her to deviate from the original terms of sale (which had provided for a payment of $69,900 in cash to Marcoux), and instead to accept at closing a $2,000 purchase money note secured by a second mortgage, and payable in three months. In fact, the "purchase money note" did not give Marcoux a secured interest in the property and when it "went unpaid," Marcoux was compelled to file suit against the purchasers.

That lawsuit against the purchasers was filed and tried in Gwinnett County, where the purchasers resided. The trial court directed a verdict in favor of Marcoux for the $2,000 indebtedness and directed a verdict in favor of the defendant purchasers on Marcoux' claim for attorney fees.

Thereafter, Marcoux sued Northside Realty and Fields, in Fulton County, on all the claims enumerated above, and sought damages including the $11,534.86 attorney fees and expenses of trial litigation she incurred in the underlying Gwinnett suit against the purchasers. The trial court granted summary judgment to defendants Northside Realty and Eddie Fields on the asserted ground that the attorney fees and expenses of litigation were not recoverable, this issue having been settled by the directed verdict in favor of the purchasers in the underlying Gwinnett County suit, that is, that the Gwinnett judgment in favor of the purchasers was res judicata on the damages issue in this suit. *Held*:

1. We will not recite the arguments of the parties because they are not exactly to the point. It is sufficient to say that the Gwinnett County lawsuit against the condominium purchasers was an action for breach of contract, i.e., failure to pay the note. In actions on contract, attorney fees and expenses of litigation generally "shall not be allowed," unless the defendant "has acted in bad faith in making the contract, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." OCGA § 13-6-11. We must presume such misconduct by the purchasers in failing to pay the note was found lacking, for that was the only ruling of the Gwinnett trial court in denying attorney fees against *them*.

However, the purchaser's conduct or lack of bad faith in failing to pay the note is not the issue in this case. The instant case is one of fraud and misfeasance against the real estate agents for having induced Marcoux to take a note which gave her no security interest and ultimately forced her to a lawsuit against others and a recovery on a mere contract.

Attorney fees and expenses of litigation in an underlying action are recoverable as real damages incurred as the result of defendants' malfeasance or misfeasance (see *Hamilton v. Powell, Goldstein, Fra-*

*zer & Murphy*, 167 Ga. App. 411, 412 (306 SE2d 340)). These are actual damages and, if they are the proximate result of Marcoux' having to sue the purchasers because of defendants' inducements leading her to take a note which gave Ms. Marcoux no security interest, we know of no reason they should not be allowed. See OCGA §§ 51-1-6; 51-12-7; see *Glynn County &c. v. Peagler*, 256 Ga. 342, 344 (3) (348 SE2d 628).

The question in this case against the realtors has nothing to do with whether the purchasers of the condominium acted in bad faith or caused unnecessary trouble or expense or were stubbornly litigious in failing to pay the note, which is the only issue settled by the directed verdict denying attorney fees in the Gwinnett County suit against the purchasers. If Marcoux had recovered these expenses in that suit, she could not get them here, for that would simply be a double recovery on the injury related to legal fees and expenses. See *Pennsylvania Threshermen &c. Ins. Co. v. Hill*, 113 Ga. App. 283 (148 SE2d 83). But, the fact that the purchasers were not found to be in bad faith or stubbornly litigious in failing to pay the note (OCGA § 13-6-11) does not in fact or logic foreclose the issue of whether Northside Realty and Fields committed fraud and misfeasance resulting directly or consequentially (§ 51-12-3) in Marcoux' incurrence of legal fees and expenses in a resultant lawsuit against third parties, as in *Hamilton*, supra.

We conclude the denial of attorney fees in the Gwinnett suit against the purchasers for bad faith or stubborn litigiousness in failing to pay on a contract, and the question in this suit of damages consisting of legal fees and expenses arising out of the real estate agent's alleged torts, do not have the same identity of issue, or cause of action, or parties or privies, so as to create a bar in this case of res judicata; nor did the Gwinnett judgment based on the purchasers' conduct adjudicate the merits of the issue of damages caused by the realtors in this case so as to create an estoppel by judgment. *McFadden Business Pub. v. Guidry*, 177 Ga. App. 885, 887 (341 SE2d 294); 18 EGL, Judgments & Decrees, § 283 et seq. (1981 rev.).

Appellee Fields argues, however, that plaintiff Marcoux is foreclosed because she did not amend her Gwinnett County complaint against the purchasers to add appellees as party defendants, that she could not "split" her causes of action as she did, and that the Gwinnett judgment is therefor binding on all parties and privies as to all matters "which might have been put in issue in the cause wherein the judgment was rendered," OCGA § 9-12-42; *Hamlin v. Johns*, 41 Ga. App. 91 (151 SE 815). But these were two separate causes of action against two separate parties, not joint tortfeasors and not even residents of the same county. In fact, Marcoux was not required to have brought in, as tortfeasors, the Fulton County realtors into the Gwin-

nett contract suit against the purchasers; although she might have done so under OCGA § 14-2-510 (b) (2) and (3), the causes of action differ completely against the purchasers in contract, and the realtors in separate tort, and such proceedings would be complicated and subject to severance.

Moreover, the wrongs asserted against the realtors in conducting the sale with fraud and negligence and breach of contract are not even superficially the same "wrongs" as the purchasers' mere failure to pay a note. See *Hamlin v. Johns*, supra, where a second suit by Johns against Hamlin for nonpayment of purchase money notes was held not to involve the same issue as, and was not barred by, a prior unsuccessful suit by Hamlin against Johns to rescind and cancel the same notes for fraud.

Since the plaintiff Marcoux' causes of action are for different wrongs against different parties, who were not in privity to each other (*Walka Mountain &c. v. Hartford Acc. &c. Co.*, 222 Ga. 249, 252 (149 SE2d 365)), the Gwinnett judgment that the purchasers did not act in bad faith or in stubborn litigiousness so as to be liable for attorney fees for not paying the note, is not a bar against the recovery of legal fees and expenses of litigation incurred in that suit as a proximate result of the realtors' alleged negligence, malfeasance, and breach of contract in conducting the sale. *Hamilton*, supra.

2. Appellant Marcoux' appeal, being meritorious, is therefore assuredly not frivolous and does not warrant payment of penalties to the appellees.

*Judgment reversed. Banke, P. J., and Cooper, J., concur.*

### On Motion for Rehearing.

Fields contends we failed to address the trial court's finding that the parties here were "in privy" and therefore the realtors are insulated from damages in the suit against them for negligence and fraud, by the Gwinnett judgment denying attorney fees from the buyers for failure to pay the note.

We did address this issue, holding that the two suits "do not have the same identity of issue, or cause of action, or parties or privies, so as to create a bar in this case of res judicata. . . ."

As Fields points out, "[p]rivity connotes those who are in law *so connected with the party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. . . .*" (Emphasis supplied.) *Smith v. Wood*, 115 Ga. App. 265, 269 (154 SE2d 646). But there is clearly no identity of interest between the plaintiff's realty agents and the home buyers; and, as we took pains to show certainly there is no *identity of interest* between the question of whether the home buyers were liable to plaintiff for

bad faith in failing to pay their note, and whether the plaintiff's realty agents are liable for fraud and negligence in inducing their principal (the plaintiff) to take a note that bore no security interest.

*Motion for rehearing is denied.*

DECIDED APRIL 24, 1990 —
REHEARING DENIED MAY 11, 1990 — 

*Jones, Brown & Brennan, Taylor W. Jones, Myles E. Eastwood,* for appellant.

*William A. Wehunt, Frederick G. Boynton,* for appellee.