A94A1315. LONG v. WALLACE.
(448 SE2d 229)

MCMURRAY, Presiding Judge.

Original plaintiff Ernest F. Long, Jr., brought this legal malpractice action against Howard P. Wallace (defendant) alleging that defendant "provided ineffective legal assistance to Mr. Long in Mr. Long's trial, appeal and in the post-appeal process [and due] to Defendant's ineffective legal assistance, Mr. Long was found guilty of statutory rape." Defendant denied the material allegations of the complaint and moved for summary judgment on the basis of the statute of limitation. The following material facts are undisputed: Defendant was retained on February 18, 1986 to represent Ernest F. Long, Jr., during a felony prosecution and beyond, if necessary. Trial commenced on November 18, 1986. On November 20, 1986, the jury returned a guilty verdict and Ernest F. Long, Jr., was sentenced immediately. Although defendant pursued a direct appeal, Ernest F. Long, Jr.'s, conviction was affirmed on November 2, 1988. See *Long v. State,* 189 Ga. App. 131 (375 SE2d 274). No contention was raised on that direct appeal that defendant's legal representation of Ernest F. Long, Jr., had been ineffective. Nevertheless, proceeding pro se, Ernest F. Long, Jr., obtained relief via habeas corpus on February 9, 1991, predicated upon ineffective assistance of trial counsel. The habeas court found that defendant failed to interview key witnesses and failed to object or seek corrective action to prevent "coaching of the alleged victim's testimony by the employee of the Department of Family and Children's Services" by giving the victim signals in the courtroom on how to testify. This malpractice action was commenced on March 18, 1992. On March 10, 1993, the trial court "granted Plain-

tiff's Motion to Substitute Mildred M. Long, as the executrix of Ernest F. Long, Jr.'s estate, as the Plaintiff," as the original plaintiff Ernest F. Long, Jr., had died in September 1992.

Plaintiff Mildred M. Long, as executrix, appeals from the order of the trial court granting defendant's motion for summary judgment. *Held*:

1. Defendant's motion to dismiss this appeal as untimely is denied.

2. In related enumerations of error, plaintiff contends the trial court erred in granting defendant's motion for summary judgment. Ms. Long argues Ernest F. Long, Jr.'s suit is timely since his contract with defendant included legal representation through the appeal and post-appeal process, and defendant committed malpractice during that phase of his representation by failing to urge his own ineffective assistance as a basis for vacating Mr. Long's conviction.

"In Georgia legal malpractice is based upon the breach of a duty imposed by the attorney-client contract of employment, and as such, the applicable statute of limitation is four years. Code Ann. § 3-706 [now OCGA § 9-3-25]; *Gould v. Palmer [& Read]*, 96 Ga. 798 (22 SE 583); *Riser v. Livsey*, 138 Ga. App. 615 (227 SE2d 88). It is clear that an action for attorney malpractice accrues and the period of limitations begins to run, from the date of the attorney's breach of duty, that is, from the date of the alleged negligent or unskillful act. *Hoffman v. Ins. Co. of N. America*, 144 Ga. App. 420 (241 SE2d 303); *Master Mortgage Corp. v. Byers*, 130 Ga. App. 97 (202 SE2d 566)." *Riddle v. Driebe*, 153 Ga. App. 276, 279 (265 SE2d 92). Accord *Hyman v. Jordan*, 201 Ga. App. 852, 853 (1) (412 SE2d 615). In the case sub judice, Mr. Long's cause of action accrued and the period of limitation began to run when defendant committed unskillful acts during Mr. Long's trial for statutory rape in November 1986. This was more than five years before the complaint was filed. Consequently, any claim Mr. Long might have had against defendant in contract for acts or omissions committed during the trial is "subject to a four-year statute of limitation [and] . . . is time barred. *Ballard v. Frey*, 179 Ga. App. 455, 459 (3) (346 SE2d 893) (1986); *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 167 Ga. App. 411, 412-413 (306 SE2d 340) (1983), aff'd 252 Ga. 149 (311 SE2d 818) (1984); OCGA [§] 9-3-25. . . ." *Hyman v. Jordan*, 201 Ga. App. 852, 853 (1), supra.

Nevertheless, plaintiff Ms. Long contends that defendant committed separate subsequent acts of malpractice during his representation of Mr. Long by failing to urge his own ineffective assistance as a basis for new trial on direct appeal or in a petition for habeas corpus. However, these allegations of malpractice are based upon the same errors and omissions arising out of the conduct of Mr. Long's trial. In essence, plaintiff Ms. Long contends that defendant's failure to cor-

rect earlier actions which damaged his client constitutes a separate breach for which the client has a cause of action. This contention is determined adversely to plaintiff by *Jankowski v. Taylor, Bishop &c.*, 246 Ga. 804, 806 (2) (273 SE2d 16). In *Jankowski*, the Georgia Supreme Court held that such an "omission on the part of [the attorney] was a failure to avoid the ultimate effect of the earlier breach and a failure to mitigate . . . damages [but] was not an act inflicting new harm." *Jankowski v. Taylor, Bishop &c.*, 246 Ga. 804, 806 (2), 807, supra. In the case sub judice, the failure of the defendant attorney to argue on appeal his own possible ineffective assistance rendered during trial was not a separate act of malpractice for purposes of the statute of limitation. Consequently, the trial court's grant of summary judgment was correct.

3. Defendant's motion for sanctions pursuant to Court of Appeals Rule 26 (b) is denied.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED AUGUST 2, 1994 —
RECONSIDERATION DENIED AUGUST 18, 1994 — 

*Gary P. Bunch*, for appellant.
*Albert B. Wallace, Stephen B. Wallace II*, for appellee.