A94A1326. ATLANTA WOMAN'S CLUB, INC. v. WASHBURNE
et al.
(450 SE2d 239)

McMurray, Presiding Judge.

The Atlanta Woman's Club, Inc. ("the Woman's Club") brought an action against Harry E. Washburne, insurance agencies through which Washburne worked ("the agencies") and Interstate Fire & Casualty Company ("Interstate") to recover damages allegedly sustained after rental property owned by the Woman's Club ("the premises") and covered by an Interstate policy of insurance was damaged by fire. The Woman's Club claims that Washburne was negligent in fulfilling his promise to procure a contract of insurance for the premises, alleging that he promised to replace an existing insurance policy with a policy providing the same amount of coverage; that Washburne acquired a replacement policy through Interstate; but that the Interstate policy was not comparable because it did not include an endorsement negating a co-insurance clause reducing the amount of coverage if the premises is insured for less than 80 percent of its value. The Woman's Club pressed a claim against Interstate to recover under the replacement policy, alleging the 80 percent co-insurance clause was not triggered because a separate policy of insurance acquired by the Woman's Club's tenant (providing 2.4 million dollars in coverage for improvements on the premises) resulted in at least 80 percent coverage of the adjusted value of the premises.

The trial court granted summary judgment in favor of Washburne and the agencies, but this court reversed in *Atlanta Wom[a]n's Club v. Washburne*, 207 Ga. App. 3, 5 (427 SE2d 18), holding that genuine issues of material fact remained for jury resolution. In the meantime, the claim asserted by the Woman's Club against Interstate proceeded in the trial court and was eventually resolved when Interstate (apparently) agreed to pay the Woman's Club $710,869.45 on its property loss claims and $51,834.85 for lost business profits. The settlement was reduced to judgment via a "CONSENT ORDER" and memorialized in a "STIPULATION AND SETTLEMENT AGREEMENT," providing (in pertinent part) that Interstate "defended this action on the sole basis that the Woman's Club property was grossly underinsured and that the 80% co-insurance clause was applicable to [the Woman's Club's] claim, thereby reducing the total value of its claim to less than 50%." The Woman's Club later amended its complaint pursuant to OCGA § 9-11-15 (d) and pressed a claim against Washburne and the agencies for attorney fees and expenses of litigation, alleging that prosecution of its claim against Interstate cost the Woman's Club over $178,051 and inferring that this expense was the result of the failure of Washburne and the agencies to provide an adequate replacement policy in violation of their fiduciary responsibility

to the Woman's Club.

Upon motion for summary judgment, the trial court found that the Woman's Club's claim for attorney fees and expenses of litigation was not recoverable under OCGA § 13-6-11 or any other statutory authority and concluded that "the cases cited by [the Woman's Club] are distinguishable and do not afford it relief from the traditional rule prohibiting attorney's fees as an item of damages unless they are statutorily or contractually authorized." This appeal followed. *Held*:

At the outset, it should be noted that the Woman's Club does not assert a claim for attorney fees and expenses of litigation pursuant to OCGA § 13-6-11 or any other statute specifically authorizing such awards. Further, the Woman's Club does not seek recovery based on theories of actual or implied indemnity. Compare *Alterman Foods v. G. C. C. Beverages*, 168 Ga. App. 921, 924 (310 SE2d 755). The claim asserted by the Woman's Club for attorney fees and expenses of litigation is based solely in tort, arguing that the expenses it incurred in pressing its claim against Interstate were a natural and foreseeable consequence of the wrongdoing of Washburne and the agencies. The Woman's Club reasons that recovery of these costs is an element of damages authorized by OCGA § 51-12-7, which provides as follows: "In all cases, necessary expenses consequent upon an injury are a legitimate item in the estimate of damages."

Generally, attorney fees and expenses of litigation are allowed only where authorized by statute or contract. See *Glynn County Fed. Employees Credit Union v. Peagler*, 256 Ga. 342, 344 (3) (348 SE2d 628). However, "[a]ttorney fees and expenses of litigation in an *underlying* action are recoverable as real damages incurred as the result of defendants' malfeasance or misfeasance (see *Hamilton v. Powell, Goldstein, Frazer & Murphy*, 167 Ga. App. 411, 412 (306 SE2d 340))." (Emphasis supplied.) *Marcoux v. Fields*, 195 Ga. App. 573, 574 (394 SE2d 361). See *Rogers v. Hurt, Richardson, Garner, Todd & Cadenhead*, 203 Ga. App. 412, 415 (2) (417 SE2d 29); *Alston v. Stubbs*, 170 Ga. App. 417, 419 (3) (317 SE2d 272); *Alterman Foods v. G. C. C. Beverages*, 168 Ga. App. 921, 924, supra. The effect of this exception is to put a plaintiff in the same position he would have occupied had the plaintiff not been forced to litigate with a third party. The exception permits a plaintiff to recover all losses flowing from a defendant's alleged misfeasance or malfeasance, except in cases where expenses accrued in the cause of action where recovery is sought. See *Nepera Chemical v. Sea-Land Svc.*, 794 F2d 688, 696-697 (D.C. Cir. 1986), and Restatement, Second, Torts, § 914 (2).[1]

---

[1] Alternatively, the Woman's Club contends attorney fees and expenses of litigation are justified in tort because Washburne fraudulently induced the Woman's Club to accept a deficient policy of insurance by failing to advise his principal (the Woman's Club) that a compa-

In the case sub judice, Washburne and the agencies argue that the Woman's Club's claim against Interstate is not an "underlying" action against a third party because the parties are joined in the same suit, reasoning that the general rule prohibiting an award of attorney fees and expenses of litigation in such cases applies. This argument is without merit. The Woman's Club's claim against Interstate is an action to recover under a contract of insurance and is therefore independent of the tort, breach of agency contract and respondeat superior claims against Washburne and the agencies. Just as Interstate is not jointly and severally liable for the alleged wrongful acts of Washburne and the agencies, Washburne and the agencies are not liable under the insurance contract issued by Interstate. The actions are separate and could have been sustained separately, but the independent claims were instead permissively joined pursuant to OCGA § 9-11-20 (a). Under these circumstances, we cannot say the Woman's Club's claim against Interstate is not an "underlying" action and therefore outside the exception to the general rule prohibiting attorney fees and expenses of litigation absent specific statutory or contractual authority. However, this holding does not mean the trial court erred in granting partial summary judgment in favor of Washburne and the insurance agencies. The Woman's Club must show that genuine issues of material fact remain as to a causal link between the alleged breach of duty and the claimed loss. See *Lovett v. Estate of Ruth K. Lovett*, 593 A2d 382, 389-393 (1991). This means the Woman's Club must, at the very least, allege circumstances indicating that Washburne's wrongdoing was a natural and proximate cause of the attorney fees and expenses of litigation the Woman's Club (purportedly) incurred in pressing its claim against Interstate. With this in mind, we favorably construe the allegation of the Woman's Club's amended complaint and strain to consider Interstate's stipulation that it "defended this action on the sole basis that the Woman's Club property was grossly underinsured and that the 80% co-insurance clause was applicable to the [Woman's Club's] claim, thereby reducing the total value of its claim to less than 50%."[2] Nonetheless, we

---

rable replacement policy could not be found. This logic is inapposite. Neither the Restatement, Second, Torts, § 914 (2), nor any of the cases cited in this opinion (or by the parties) require a showing of fraud where the natural and proximate consequence of a wrongful act has been to involve a plaintiff in costly litigation with another. In such cases, the plaintiff may recover from the defendant the reasonable and necessary expenses incurred in such litigation, but only where legal cause (as opposed to cause in fact) exists between these damages and defendant's alleged breach of duty. *Kamyr, Inc. v. Boise Cascade Corp.*, 519 P2d 1031, 1034 (1974).

[2] The Woman's Club characterizes this stipulation as a solemn admission in judicio binding against Washburne and the agencies. This is an erroneous conclusion because (among other reasons) the Woman's Club was not a party to Interstate's stipulation. See *Walker v. Jack Eckerd Corp.*, 209 Ga. App. 517 (1) (434 SE2d 63). However, for purposes of

find the Woman's Club's claim for attorney fees and expenses of litigation lacking.

" ' "It is well settled that there can be no proximate cause where there has intervened between the act of the defendant and the injury to the plaintiff, an independent[,] . . . act (or omission) of someone other than the defendant, which was not foreseeable by defendant, was not triggered by defendant's act, and which was sufficient of itself to cause the injury. (Cits.) While the question of proximate cause is usually submitted to the jury as a question of fact, it may be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion, that the defendant's (alleged omissions) were not the proximate cause of the injury. (Cits.)" (Cit.)' *Powell v. Harsco Corp.*, 209 Ga. App. 348, 350-351 (2) (433 SE2d 608) (1993)." *McQuaig v. McLaughlin*, 211 Ga. App. 723, 724 (1), 726 (b) (440 SE2d 499). " ' " ' "A prior and remote cause can not be made the basis of an action if such remote cause did nothing more than furnish the condition, or give rise to the occasion by which the injury was made possible, if there intervened between such prior or remote cause and the injury a distinct, successive, unrelated, efficient cause of the injury. If no danger existed in the condition except because of the independent cause, such condition was not the proximate cause." (Cit.)' " (Cit.)' *Wanless v. Winner's Corp.*, 177 Ga. App. 783, 785 (3) (341 SE2d 250) (1986)." *Beamon v. Ga. Power Co.*, 199 Ga. App. 309, 312 (404 SE2d 463).

In the case sub judice, Washburne's wrongful act may have given rise to Interstate's involvement with the Woman's Club, but it was not the reason Interstate denied the claims asserted by the Woman's Club under the replacement policy of insurance. This decision was Interstate's alone and was (apparently) based on terms of a standard contract of insurance and upon facts which existed at the time the premises was destroyed by fire. Moreover, the circumstances reflected from the records now before this court indicate that the only natural (foreseeable) harm flowing from Washburne's alleged wrongdoing (if any there be) would be the difference in coverage between the Interstate policy of insurance and the policy of insurance it replaced. Under these circumstances, we cannot say the trial court erred in granting partial summary judgment in favor of Washburne and the agencies. Genuine issues of material fact simply do not exist as to legal causation between the alleged wrongdoing of Washburne and the agencies and the expenses and attorney fees the Woman's Club (purportedly) expended in pressing its claims against Interstate.

---

this opinion, we assume (without deciding) that Interstate's unverified stipulation constitutes proof of the statements asserted therein.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 18, 1994 —
RECONSIDERATION DENIED NOVEMBER 14, 1994 —

*Savell & Williams, Edward L. Savell,* for appellant.
*Lokey & Bowden, Charles M. Lokey, Malcolm Smith, Ralph W. Ellis,* for appellees.