45304.   RESIDENTIAL DEVELOPMENTS, INC. v.
MERCHANTS INDEMNITY COMPANY OF NEW YORK et al.

ARGUED MAY 5, 1970—DECIDED SEPTEMBER 8, 1970—
REHEARING DENIED SEPTEMBER 29, 1970—

*Woodruff, Savell, Lane & Williams, Edward L. Savell*, for appellant.

*Henning, Chambers, Mabry & Crichton, G. Thomas Crichton, King & Spalding, Kirk McAlpin, N. Forrest Montet, Long, Wineberg, Ansley & Wheeler, Palmer H. Ansley, John E. Talmadge*, for appellees.

JORDAN, Presiding Judge. Antedating the 1959 amendment to the declaratory judgment statute and the more recent civil practice statute this court distinguished an action by an insurer to determine liability before defending an action against its alleged insured from one brought by the alleged insured, as follows: "In that type of case the insurance company is faced with the problem of spending money to defend an action which it could not recover if it were later found to be not liable under the policy issued by it. However, such is not the case here where the insured is seeking the declaratory judgment, for if the insured defends the action, and certainly the insured wants any action against it defended, and the insurer is not liable the insured has lost nothing for it would have only spent money to defend an action

brought against it which was not covered by the insurance policy, and, if the insurer is liable, the insured can recover any sums spent by it to defend the action, and, if a judgment is rendered against it, the amount of the judgment up to the limits of the policy in a breach of contract suit against the insurer." *U. S. Casualty Co. v. Ga. S. & F. R. Co.,* 95 Ga. App. 100, 103 (97 SE2d 185). Later, on a second appeal in the same case following amendments to the petition alleging uncertainty and insecurity in respect to settlement of the pending tort action, this court rejected any basis for a declaratory judgment in respect to a settlement made in good faith. *Ga. S. & F. R. Co. v. U. S. Cas. Co.,* 97 Ga. App. 242 (102 SE2d 500). Subsequently, this court stated that the 1959 amendment to the declaratory judgment statute (Ga. L. 1959, pp. 236, 237; *Code Ann.* § 110-1101(c)) "does not change the requirement that in order to be entitled to a declaratory judgment the plaintiff must show facts or circumstances whereby it is in a position of uncertainty or insecurity because of a dispute and of having to take some future action which is properly incident to its alleged right, and which future action without direction from the court might reasonably jeopardize its interest." *Phoenix Assurance Co. v. Glens Falls Ins. Co.,* 101 Ga. App. 530, 532 (114 SE2d 389). And, in 1966, the court followed the ruling in *U. S. Casualty Co. v. Ga. S. & F. R. Co.,* supra, to affirm the dismissal of a petition by an insured against an alleged insurer seeking a determination of whether the insurer was obligated to defend a pending tort action. *Jacobs v. Ga. Farm Bureau Mut. Ins. Co.,* 114 Ga. App. 296 (151 SE2d 187).It is settled law that there is no provision in the law for a declaratory judgment which is merely advisory. *Hawes v. Cordell Ford Co.,* 223 Ga. 260, 263 (154 SE2d 599). Also, see *Pinkard v. Mendel,* 216 Ga. 487, 490 (117 SE2d 336).

We think it is obvious from the allegations of the petition that no claim for relief exists against Dodd except that of ancillary relief to restrain him from prosecuting his tort action which is necessarily conditioned upon a showing of a claim against the other defendants, and that no claim is pleaded against these defendants unless it is a claim for declaratory judgment. Viewing the petition in the light of the requirements for declaratory judgment, as outlined above, and further recognizing that the peitition must

be viewed in the light of the present liberalized civil practice requirements for stating a claim (see *Southeastern &c. Fire Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 118 Ga. App. 861, 862 (165 SE2d 887)) we think the petition is nevertheless insufficient to state a claim.

In this aspect the pleaded facts disclose nothing more than a dispute between the plaintiff and its alleged liability insurers concerning the nature and extent of coverage provided and in the case of one, whether there is any coverage, in respect to a pending tort action as to which the direct obligation of the plaintiff in the present action must be determined, either by settlement or an adverse judgment, by events which have occurred and which have no relation whatsoever to the presence or absence of insurance coverage or the obligation of any insurer to settle or defend the tort action.

The trial judge properly dismissed the petition.

*Judgment affirmed. Eberhardt, J., concurs. Pannell, J., concurs in the judgment.*