46168. HARTFORD ACCIDENT & INDEMNITY
COMPANY et al. v. BOYLE et al.

PANNELL, Judge. John L. Boyle and Kathleen Boyle brought an action against Hartford Accident & Indemnity Company, Bankers & Shippers Insurance Company of New York and Lathia P. Banks, Jr., seeking a declaratory judgment alleging that plaintiffs had filed actions for damages against defendant Banks in the Superior Court of Fulton County, Georgia, seeking recovery of damages arising out of an automobile collision between an automobile in which the plaintiff Kathleen Boyle was riding as a passenger and an automobile driven by the defendant Banks, in which service was perfected upon Hartford based upon uninsured motorist coverage. The petition further alleged that John Boyle was a party to, and both John and Kathleen Boyle were insureds under, a policy of insurance issued by Hartford Accident & Indemnity Company arising out of the negligent operation of the automobile by Banks as an uninsured motorist; that Bankers & Shippers Insurance Company is the insurer of the father of Banks and declined to defend the pending suits claiming failure on the part of the insured to notify it of the collision and claim and the pendency of the actions; that Hartford Accident & Indemnity Company was refusing to "honor the

plaintiffs" claim on the ground that the defendant Banks was not an uninsured motorist and that the policy of Bankers & Shippers Insurance Company issued to the father of the defendant Banks covered the situation so as to preclude recovery under the terms of the policy issued by Hartford Accident & Indemnity Company. The petition further alleged: "16. That by reason of the foregoing facts there exists an actual controversy to be determined by this court as to the question of whether or not the defendant Banks was and is covered by the insurance policy of defendant Bankers & Shippers Insurance Company, and to declare whether or not the defendant Banks was and is an uninsured motorist within the meaning of the policy of insurance issued by defendant Hartford Accident & Indemnity Company. 17. That unless said question of coverage is determined by the declaratory judgment of this court, plaintiffs will be vexed by a multiplicity of litigation and appeals and will be required to litigate with both defendant Hartford and defendant Bankers & Shippers after rendition of final judgment against defendant Banks." All of the defendants filed answers which among other things raised the issue that no proper case for declaratory judgment existed. Bankers & Shippers Insurance Company filed a motion for summary judgment, that the court rule it not liable under its policy, based upon the pleadings, affidavits, admissions and other materials. This motion was granted by the trial judge in an order which did not expressly make any factual determinations or contain any constructions of the policies or make any other legal rulings other than the mere grant of the motion. *Held:*

1. Neither the pleadings, nor any of the other materials submitted on the motion for summary judgment, show any *justiciable* controversy between the plaintiffs, who have not recovered a judgment against Banks, and Bankers & Shippers Insurance Company, and whose only interest is that they recover on the policy after securing judgments against the defendant Banks. A justiciable controversy must exist over an accrued state of facts. *Brown v. Lawrence,* 204 Ga. 788 (51 SE2d 651); *Lott Investment Corp. v. City of Waycross,* 218 Ga. 805 (1) (129 SE2d 741); Henderson v. State Democratic Executive Committee of

Georgia, 198 FSupp. 360.

2. Nor, should we assume that the judgments against the defendant Banks have been rendered, and that the facts over which the controversy exists accrued, nor are there any facts or circumstances alleged or proven which show that an adjudication of the plaintiffs' right of recovery against Bankers & Shippers Insurance Company is necessary in order to relieve the plaintiffs from the risk of taking any further undirected action incident to their rights, which action without direction would jeopardize their interest. See in this connection *Residential Developments v. Merchants Indem. Co.*, 122 Ga. App. 503 (177 SE2d 715); *Jacobs v. Ga. Farm Bureau Mut. Ins. Co.*, 114 Ga. App. 296 (151 SE2d 187); *Pinkard v. Mendel*, 216 Ga. 487 (2) (117 SE2d 336). It is well-settled that there is no provision in the law for declaratory judgments which are merely advisory (*Hawes v. Cordell Ford Co.*, 223 Ga. 260, 263 (154 SE2d 599); *Pinkard v. Mendel*, 216 Ga. 487 (2) supra; *Residential Developments v. Merchants Indem. Co.*, 122 Ga. App. 503, 506, supra). The only insecurity and uncertainty that exists affecting the plaintiffs' interests would be whether they could recover in a suit against Banks and Bankers & Shippers Insurance Company. That is not the type of uncertainty for which the Declaratory Judgment Act gives relief as this would obviously be the giving of mere legal advice.

"The Act of the General Assembly (Ga. L. 1959, p. 236) amending *Code* § 110-1101, providing 'Relief by declaratory judgment shall be available notwithstanding the fact that the complaining party has any other adequate legal or equitable remedy or remedies' does not mean that a declaratory judgment will lie to have just any justiciable controversy decided. The ruling by the Supreme Court in *McCallum v. Quarles*, 214 Ga. 192 (104 SE2d 105) brings this matter to a clear and unequivocal conclusion." *Reliance Ins. Co. v. Brooks Lumber Co.*, 101 Ga. App. 620, 621 (115 SE2d 271). We do not have here a case brought by an insurer seeking declaratory judgment of its liability or coverage under the policy based on the fact that it is uncertain whether to defend the action or not, and even if this action for declara-

tory judgment had been brought by the insurance company, the case would not be differently decided "[f]or where an insurance company denies liability under its policy and seeks a declaratory judgment, praying specifically only that the court declare whether or not it is liable on the policy, its petition is subject to dismissal on general demurrer because no necessity of a decision to relieve the company from uncertainty and insecurity is shown." *Lumbermen's Mut. Cas. Co. v. Moody,* 116 Ga. App. 2, 11 (156 SE2d 117).

3. The judgment of the trial court granting Bankers & Shippers Insurance Company's motion for summary judgment is accordingly reversed with direction that the trial court dismiss the action for declaratory judgment.

*Judgment reversed. Bell, C. J., concurs. Deen, J., concurs in the judgment only.*

ARGUED MAY 3, 1971—DECIDED OCTOBER 29, 1971.

*Henning, Chambers & Mabry, Eugene P. Chambers, Jr., John C. Daugherty, Ed Henning,* for appellants.

*Swift, Currie, McGhee & Hiers, Warner S. Currie, Victor A. Cavanaugh,* for appellees.