48834. HOFFMAN et al. v. INSURANCE COMPANY OF NORTH AMERICA et al.

STOLZ, Judge. The plaintiffs, an alleged insured and its employee, as distinguished from its alleged liability insurer, are not entitled to a declaration of rights to determine the obligations of the defendants — the alleged insurer, the insurer's agent and the agent's liability insurer — in respect to settling, defending, or paying any final judgment in a pending tort action against the alleged insured and its employee, based upon the employee's collision with a third party while driving his (employee's) personal automobile, which is contended to have been a temporary substitute automobile under the plaintiff employer's policy. See *Residential Developments v. Merchants Indem. Co.,*

122 Ga. App. 503 (177 SE2d 715); *Hartford Acc. &c. Co. v. Boyle,* 124 Ga. App. 739, 741 (2) (186 SE2d 140) and cits.

If the present plaintiffs prevail in the pending tort action, there will be no judgment for which the defendants could be liable. If not, the plaintiffs then can sue the defendants for the damages here sought, which would then be liquidated.

Accordingly, the trial judge did not err in granting the motions for summary judgment of the defendant insurer and its defendant agent.

*Judgment affirmed. Hall, P. J., concurs. Deen, J., concurs in the judgment only.*

ARGUED JANUARY 15, 1974 — DECIDED FEBRUARY 5, 1974.

*Swift, Currie, McGhee & Hiers, George W. Hart, Steve J. Davis,* for appellants.

*Long, Weinberg, Ansley & Wheeler, Charles M. Goetz, Jr., T. M. Smith, Jr., Hunter S. Allen, Jr.,* for appellees.