33371. HOFFMAN et al. v. INSURANCE COMPANY OF NORTH AMERICA et al.

MARSHALL, Justice.

We granted certiorari in *Hoffman v. Ins. Co. of N. A.,* 144 Ga. App. 420 (241 SE2d 303) (1977), wherein the Court of Appeals held that the statute of limitation in a suit by an insured against its agent, for negligent breach of the agent's duty to the insured to obtain adequate insurance coverage, begins to run on the date the agent breaches its duty rather than on the date the resulting damage occurs. The Court of Appeals reached this decision by analogizing to the rule in malpractice cases against attorneys that the claim accrues and the statute begins to run from the date of the breach of the duty and not from the time when the extent of the resulting injury is ascertained. *Gould v. Palmer & Read,* 96 Ga. 798 (22 SE 583) (1895).

For reasons which follow, we have determined that this decision of the Court of Appeals rests on a faulty premise. That is, for the purposes of ascertaining when the statute of limitation begins to run, a malpractice suit against an attorney and a suit against an insurance agent for negligently breaching his duty to his principal, the insured, by failing to obtain adequate insurance coverage

are not analogous.

The statute of limitation begins to run on any given claim on the date the claim accrues—in other words, on the date that suit on the claim can first be brought. "When the question is raised as to whether an action is barred by a statute of limitations, the true test to determine when the cause of action accrued is 'to ascertain the time when the plaintiff could first have maintained his action to a successful result.' " *Mobley v. Murray County,* 178 Ga. 388 (1) (173 SE 680) (1934).

The statute of limitation in malpractice suits against attorneys begins to run from the date the attorney breached the duty owed to the client, because the client can bring suit immediately upon the occurrence of this conduct giving rise to the action without waiting until the extent of the resulting injury is ascertained. *Gould v. Palmer & Read,* supra. This is the reason why the statute of limitation in such a case begins to run from the date of the breach of duty rather than from the date actual damages are sustained by the client. *Gould v. Palmer & Read,* supra.

We are called upon in this case to determine when the statute of limitation begins to run in an action by an insured against its agent for breach of duty by the agent in failing to obtain adequate insurance coverage. In answering this question, we must analyze the nature of such an action. An action of this nature, which is based on the agent's negligence, sounds in tort; and if the agency is contractual as well as consensual, the action also sounds in contract. Restatement 2d, Agency, § 401, Comment a, p. 237 (1958). "This choice of remedy may be important for procedural reasons, or because of a difference between the statute of limitations for torts and for contracts." Id., p. 238. The action by the principal against the insurance agent in contract is based solely on the breach of duty and may, therefore, be maintained in the absence of actual damages for nominal damages only. Restatement 2d, Agency, § 401, Comment b (1958). The action in tort for negligence depends upon the presence of damages and, therefore, may not be maintained until the principal suffers a loss. Id. It is fundamental that before the plaintiff in a negligence action may recover he must show, in

addition to negligence on the part of the defendant, damages and proximate cause. *Albright v. Powell,* 113 Ga. App. 363, 368 (2) (147 SE2d 848) (1966). See also *Owens v. Nichols,* 139 Ga. 475 (1) (77 SE 635) (1913).

In an earlier case involving these very parties, *Hoffman v. Ins. Co. of N. A.,* 130 Ga. App. 777 (204 SE2d 520) (1974), the Court of Appeals held that the insured's action against the insurance agent could not be maintained until the insured had suffered damages by being subjected to liability, for which it was not covered, in a pending third-party tort suit.

For the purposes of determining the statute-of-limitation question posed here, the earlier *Hoffman* decision is in direct conflict with the later *Hoffman* decision under review — for the earlier decision holds that the action cannot be maintained until actual damages have been sustained; the latter decision holds that the statute of limitation begins to run on the date the agent breaches his duty to the insured. This has put the insured in this case in the untenable position of never being able to bring his action; it has at all times been either too early or too late.

Our decision in this case is in accordance with other Court of Appeals decisions, which hold, " 'The test to be applied in determining when the statute of limitations begins to run against an action sounding in tort is in whether the act causing the damage is in and of itself an invasion of some right of the plaintiff, and thus constitutes a legal injury and gives rise to a cause of action. If the act is of itself not unlawful in this sense, and a recovery is sought only on account of damage subsequently accruing from and consequent upon the act, the cause of action accrues and the statute begins to run only when the damage is sustained; but if the act causing such subsequent damage is of itself unlawful in the sense that it constitutes a legal injury to the plaintiff, and is thus a completed wrong, the cause of action accrues and the statute begins to run from the time the act is committed, however slight the actual damage then may be.' *Barrett v. Jackson,* 44 Ga. App. 611 (2) (162 SE 308); *Silvertooth v. Shallenberger,* 49 Ga. App. 133 (2) (174 SE 365)." *Hunt v. Star Photo Finishing Co.,* 115 Ga. App. 1, 5

(153 SE2d 602) (1967).

In the present case, the trial court granted the insurance agent's motion for summary judgment. The Court of Appeals affirmed, holding that the action was barred by the statute of limitation. Since a summary judgment may not be granted the defendant where the plaintiff's action for relief may be maintained under one theory, even though relief sought under another theory is barred by the statute of limitation (*McCreary v. Wright,* 132 Ga. App. 500 (208 SE2d 373) (1974)), and since at the least the plaintiff's tort action against the defendant is not barred by the statute of limitation, the judgment of the Court of Appeals is reversed.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 10, 1978 — DECIDED MAY 17, 1978.

*Phillips, Hart & Mozley, Donald R. Anderson, J. Arthur Mozley,* for appellants.

*Long, Weinberg, Ansley & Wheeler, Charles Goetz, Hunter S. Allen, Robert G. Tanner, T. M. Smith, Jr.,* for appellees.