**SOUTHERN INSURANCE COMPANY, Plaintiff,**

v.

**Anthony Dewayne BENNETT, et al., Defendants.**

**Civ. A. No. 87–215–2–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

March 4, 1988.

John C. Edwards, Macon, Ga., for plaintiff.

J.A. Powell, Jr., Georgia Fed. Bldg., Macon, Ga., Lanny B. Bridgers, Atlanta, Ga., Stewart R. Brown, Manley F. Brown, Macon, Ga., Robert H. Harris, Montgomery, Ala., for defendants.

## ORDER

OWENS, Chief Judge.

Presently before the court is a motion to dismiss by Economy Insurance Agency of Macon, Inc. (Economy Insurance), third-party defendant in the above-captioned case. Third-party plaintiff Anthony Dewayne Bennett, objects to this motion filed by Economy Insurance. In order to decide whether the motion should be granted or denied, the court deems it appropriate to first discuss generally the factual and procedural background that led up to the filing of the present motion.

### Procedural and Factual Background

Apparently on March 27, 1987, Mr. Bennett was in an automobile incident involving Stephen Roane Adams, Sr. in Macon, Georgia. As a result of this incident, Mr. Bennett has been sued in a personal injury action brought by Mr. Adams and the passengers of Mr. Adams' car. The personal injury lawsuit was subsequently removed to this court from the State Court of Bibb County on the basis of diversity jurisdiction.

The instant dispute relates to the question of whether Mr. Bennett maintained insurance coverage on his car on March 27, 1987. Mr. Bennett contends that prior to the incident with Mr. Adams, he had secured a policy of insurance with Southern Insurance Company (Southern). Southern has denied any coverage on the vehicle being driven by Mr. Bennett on March 27, 1987. In order to confirm its position, Southern thereafter filed a declaratory judgment action in this court against Mr. Bennett in order to find out whether it was obligated to insure him in the pending personal injury action. After being named in this declaratory judgment action, Mr. Bennett proceeded to file his own third-party complaint against Economy Insurance contending that if Southern was not liable on any policy of insurance, then the negligent or intentional acts of Economy Insurance proximately caused this lack of coverage on his vehicle. He, thus, asserts that Economy Insurance would be liable for any

damages Mr. Bennett sustains as a result of no coverage on his automobile. Following the filing of this declaratory judgment action, the personal injury action lodged against Mr. Bennett was remanded back to the state court system by agreement of the parties once it was found that diversity jurisdiction did not exist.

### Conclusions of Law

Southern has filed the instant declaratory judgment action, pursuant to 28 U.S.C. § 2201, in order to determine whether it must insure Mr. Bennett in the on-going personal injury action now pending before the State Court of Bibb County. Southern's action is based upon diversity jurisdiction.[1] Because Southern's rights may be prejudiced by a judgment in the pending personal injury action, and further, because diversity does exist in this case, the court finds that the declaratory judgment action filed by Southern against Mr. Bennett is properly before the court.

Now with regard to the appropriateness of Mr. Bennett's attempt to include Economy Insurance in the declaratory judgment action by way of a third-party complaint, the court perceives two fatal problems with this court exercising jurisdiction over such a claim. The first problem relates to whether the court has jurisdiction to entertain the third-party complaint. Mr. Bennett has alleged in his third party complaint that if Southern is not liable on any policy of insurance to him, then the negligent or intentional acts of Economy Insurance proximately caused this lack of coverage. By making such an allegation, Mr. Bennett essentially asserts that if one party is not liable to him, then the other party is liable. In effect, Mr. Bennett has alleged a separate and distinct cause of action against Economy Insurance, as opposed to the typical third-party complaint whereby it is alleged that if one party is held liable, another party may be required to indemnify the party held liable. When indemnity is not involved, Mr. Bennett must allege an independent basis of jurisdiction for this court to hear the complaint. It is clear that Mr. Bennett and Economy Insurance are not diverse, and, therefore, there is not an independent basis of jurisdiction to hear the claim. Ancillary jurisdiction will not work in this case because Mr. Bennett's third-party complaint is not an action for indemnity, rather, it is just an attempt to name another defendant who may be ultimately liable to Mr. Bennett. *See Owen Equipment and Erection Co. v. Kroger,* 437 U.S. 365, 376, 98 S.Ct. 2396, 2403–04, 57 L.Ed.2d 274 (1978). This action, thus, cannot be allowed because of the federal court's long-standing requirement of complete diversity among all defendants.

The second problem the court perceives with entertaining Mr. Bennett's third-party complaint against Economy Insurance is the fact that a claim based upon negligent or intentional acts is not one appropriate for a decision in a declaratory judgment action. *See* Wright & Miller, *Federal Practice & Procedure* § 2765 at 729–731. Unlike the situation with Southern which seeks a declaration of whether a policy of insurance exists with Mr. Bennett, Mr. Bennett's claim upon Economy Insurance is simply not ripe for decision since Mr. Bennett has not been held liable to anyone at the present time in the pending state action. What damages Mr. Bennett will suffer as a result of Economy Insurance's alleged acts, cannot be determined until the conclusion of the pending personal injury action. In addition, even if this court were to find Economy Insurance liable to Mr. Bennett, that would not obligate it to defend Mr. Bennett in the underlying personal injury action, whereas with Southern, a finding of coverage would require

---

1. Southern is a resident of the State of Texas where it is incorporated and where it maintains its principal place of business. Mr. Bennett is a resident of Macon, Georgia. While Southern's complaint also names as defendants the plaintiffs to the personal injury action pending in the state court system against Mr. Bennett, and that diversity appears to be present with these de-

fendants, the court notes that these latter parties are probably not proper parties to Southern's complaint for declaratory judgment since Georgia does not provide for a direct action against an insurer. This issue, however, is not relevant to the court's decision today, and will not be decided at this time.

**390**

Southern to defend Mr. Bennett in the personal injury action. These substantial distinctions warrant a finding by this court that any claims against Economy Insurance are not appropriate for decision by way of a declaratory judgment action at this time.

In conclusion, the court has found that it lacks both subject matter jurisdiction over the "third-party complaint" alleged by Mr. Bennett against Economy Insurance, and further, that even if this court did have jurisdiction to entertain the claim, it is one not appropriate for decision under 28 U.S. C. § 2201. The court, therefore, will GRANT the motion to dismiss defendant Bennett's third-party complaint against Economy Insurance. Finally, Southern has requested that this court stay the personal injury action previously pending in this court. Now that this action has been remanded back to the state court system, the court does not believe it proper to issue a stay of that action. Of course, the parties may wish to move for an appropriate order in the state court to have that action stayed. *See Lumbermens Mutual Casualty Company v. Sutch*, 197 F.2d 79, 82 (3d Cir.1952).