76847. B. K. C., INC. v. NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY et al.
(375 SE2d 127)

POPE, Judge.

Appellant B. K. C., Inc. (B. K. C.) brought an action for declaratory judgment against its insurer, appellee Nationwide Mutual Fire Insurance Company (Nationwide), and John H. Smallwood, the Nationwide agent who sold B. K. C. the policy, seeking a determination of Nationwide's obligations under the policy and a determination of Smallwood's liability for failure to obtain the coverage allegedly requested by B. K. C. The parties stipulated the facts and the trial court determined that, pursuant to an exclusion contained in Paragraph (h) of the policy, Nationwide had no obligation either to defend or indemnify B. K. C. in a personal injury lawsuit brought against it by one of its customers.

As this court recently reiterated in the case of *Argonaut Ins. Co. v. Atlantic Wood Indus.*, 187 Ga. App. 471 (1) (370 SE2d 765) (1988), it has long been the rule in this state that an alleged insured, as opposed to an alleged insurer, has no right to pursue a declaratory judgment action to determine the obligations of the alleged insurer with respect to settling, defending or indemnifying a judgment in a pending tort action against the alleged insured. *Hoffman v. Insurance Co. of North America*, 130 Ga. App. 777 (204 SE2d 520) (1974); *United States Cas. Co. v. Ga. &c. R. Co.*, 95 Ga. App. 100, 103-104 (97 SE2d 185) (1957). Consequently, we are constrained by the case law of this state to reverse the trial court's order on the insured's complaint for declaratory judgment. See *Darden v. Ravan*, 232 Ga. 756 (208 SE2d 846) (1974) (holding that an appeal from a void or illegal judgment will not be dismissed but instead the void judgment will be reversed).

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 2, 1988.

*John G. Haubenreich*, for appellant.
*Murray, Temple & Dinges, William D. Strickland*, for appellees.