SOUTHERN PILOT INSURANCE CO., Plaintiff,

v.

CECS, INC., et al., Defendants,

v.

**Michael Dillon and Little and Smith, Inc., Third–Party Defendants.**

Civil Action No. 1:11–CV–03863–AT.

United States District Court, N.D. Georgia, Atlanta Division.

Signed May 13, 2013.

---

Adam Charles Joffe, R. Tyler Bryant, Robert Malcolm Darroch, Stephanie F.

Glickauf, Goodman McGuffey Lindsey & Johnson, Atlanta, GA, Plaintiff.

James Glenn Richardson, Talley Richardson & Cable, P.A., Dallas, GA, Lawrence J. LoRusso, Rebecca L. Sample, LoRusso Law Firm, P.C., Jennifer Suzanne Ivey, Linley Jones, Linley Jones, P.C., Atlanta, GA, Defendants.

Brenton Sewell Bean Christine L. Mast Hawkins Parnell Thackston & Young, LLP Atlanta, GA, Third–Party Defendants.

### ORDER

AMY TOTENBERG, District Judge.

This matter is before the Court on Plaintiff Southern Pilot Insurance Company's ("Southern Pilot") motion for certification of the Court's April 19, 2013 Order to permit interlocutory appeal, or alternatively, request to certify the question to the Georgia Supreme Court ("Certification Motion") [Doc. 78].[1]

█ To be granted permission for an interlocutory appeal of a non-final order pursuant to 28 U.S.C. § 1292(b), Defendant here must demonstrate that there is "a controlling question of law as to which there is substantial ground for difference of opinion" and that an immediate appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also McFarlin v. Conseco Serv., LLC,* 381 F.3d 1251, 1264 (11th Cir. 2004). Certification for immediate appeal of a non-final order under § 1292(b) is an extraordinary measure, which is permitted only in exceptional circumstances. *McFarlin,* 381 F.3d at 1256. Interlocutory appeals under 28 U.S.C. § 1292(b) "were intended, and should be reserved, for situations in which the court of appeals can

---

1. The Court **DENIES** Southern Pilot's concurrent motion to reopen this administratively closed case [Doc. 77] because, as discussed herein, the Court denies Southern Pilot's Certification Motion.

rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *McFarlin,* 381 F.3d at 1259. Indeed, the Supreme Court has instructed that an appeal gives the higher court "a power of review, not one of intervention." *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Accordingly, § 1292 disallows appeals "from any decision which is tentative, informal or incomplete" or on any matter that "remains open, unfinished or inconclusive." *Id.*

■ There are two insurance cancellation notices at issue in this dispute. Initially, Southern Pilot contended that it sent a Notice of Intent to Cancel ("Notice of Intent") to Defendant CECS, Inc. ("CECS"), and upon this basis, Southern Pilot sought a declaration from the Court that the insurance policy was not in force at the time of a tragic accident. The CECS Defendants filed a motion for partial summary judgment, seeking a declaration that the Notice of Intent was insufficient under Georgia law to effectuate a cancellation of the subject policy. After Southern Pilot responded to the CECS's motion, Southern Pilot presented to the Court another cancellation notice ("Notice of Cancellation"), and argued that *this* notice satisfies Georgia's insurance cancellation requirements.

On January 25, 2013, 15 F.Supp.3d 1284, 2013 WL 8335718 (N.D.Ga.2013), the Court held that the second notice that Southern Pilot presented to the Court (the Notice of Cancellation) was sufficient under Georgia law to cancel the policy. The Court also found that an issue of fact exists as to whether Southern Pilot actually sent this Notice of Cancellation. Thus, Southern Pilot successfully warded off the CECS Defendants' summary judgment motion.

The Court did not address the closer the question of whether the Notice of *Intent* satisfies Georgia's insurance cancellation requirements.

On the parties' joint motion for clarification, however, the Court discussed this Notice of Intent in more detail. The Court reasoned that the Notice of Intent would satisfy Georgia's sufficiency requirements for insurance cancellation notices. However, the Court explicitly stated that its discussion of the Notice of Intent was dicta. (Doc. 76 at 5 n. 4 ("This determination is, of course, dicta as the Court concluded, on the CECS Defendants' motion for partial summary judgment, that a question of fact exists as to whether Southern Pilot sent CECS the Notice of Cancellation, a notice that does satisfy Georgia requirements for insurance cancellation notices.")). Accordingly, the Court has not issued a binding order on the sufficiency of the Notice of Intent.

Southern Pilot's sole basis for its Certification Motion, however, is this non-binding dicta, the quintessential example of a decision that is "tentative, informal or incomplete." *Cohen,* 337 U.S. at 546, 69 S.Ct. 1221. The Court could deny Southern Pilot's Certification Motion for this reason alone. In addition, however, it is unclear that a final decision on the issue of the sufficiency of the Notice of *Intent* would materially advance the ultimate termination of this lawsuit. Indeed, even if the issue regarding the Notice of Intent were squarely before the Court, and even if Court's discussion regarding this notice were wrong as a matter of law, the CECS Defendants have put forth other, fact-dependent arguments to support their position that the insurance policy at issue was in effect at the time of the accident, regardless of the cancellation notices. (*See*

Answer, Doc. 14, at 1–3.) [2] In particular, the CECS Defendants assert that, notwithstanding the sufficiency of Southern Pilot's cancellation notice, the subject insurance policy was still in effect because Southern Pilot accepted CECS's premium payment, constituting an accord and satisfaction. (*Id.* at 29–31.) Given the posture of this case and outstanding issues of fact and law, the Court does not agree that an interlocutory appeal will significantly advance this case to its ultimate termination. Accordingly, the Court **DENIES** Southern Pilot's Certification Motion.

■ Southern Pilot also asks the Court to certify the issue of the sufficiency of the cancellation notices to the Georgia Supreme Court. This issue presents a close question of state law that at some point in the course of this litigation may be ripe for a certified question. Thus, if all other facts in dispute are resolved in such a manner that this case in fact boils down solely to the issue of the Notice of Intent's legal sufficiency, the Court will entertain a request to certify a question to the Georgia Supreme Court. At this stage of litigation, however, the Court declines to do so.

---

2. In addition, Southern Pilot's summary of the Court's dicta is too simplistic. Southern Pilot states that the Court's Order, "raises the question of whether a statutory cancellation is also required to identify the reason for cancellation to satisfy the requirements of O.C.G.A. § 33–24–44." (Doc. 78–1 at 6.) What the Court actually stated was that "in the factual context presented here, one could reasonably understand [the Notice of Intent] as a bill" rather than a cancellation notice. The fact that the Notice of Intent failed to state unequivocally that the premium payments were past due is one factor that contributes to such a reasonable understanding.